UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW SHILO,

        Plaintiff,                                     Case No.: 3:12-CV-301

vs.

COMMISSIONER OF                       District Judge Thomas M. Rose
SOCIAL SECURITY,                      Magistrate Judge Michael J. Newman

        Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

        This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's Memorandum in Opposition (doc. 12), Plaintiff's Reply (doc. 13), the administrative record (doc. 8), and the record as a whole.[3]

I.

**A. Procedural History**

        Plaintiff filed for DIB and SSI on December 11, 2007, alleging a disability onset date of April 8, 2004. PageID 213, 223. Plaintiff claimed he is disabled due to a number of impairments including, *inter alia*, obesity. PageID 48. After initial denials of his applications,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The remaining citations will identify the pertinent DIB provisions with full knowledge of the corresponding SSI statutes and regulations.

Plaintiff received a hearing before ALJ Thomas R. McNichols, II on January 11, 2011. PageID 67-102. ALJ McNichols issued a written decision on February 14, 2011, finding Plaintiff not disabled. PageID 46-55. Specifically, ALJ McNichols' findings were as follows:

1. The claimant met the insured status requirements of the Social Security Act through June 30, 2004;

2. The claimant has not engaged in substantial gainful activity since April 8, 2004, the alleged disability onset date (20 C.F.R. § 404.1571 *et seq.*);

3. The claimant has the following severe impairments: lumbar spine degenerative changes; obesity; right foot arthritic changes; mild degenerative changes in the right knee; obstructive sleep apnea; and dysthymic disorder (20 C.F.R. § 404.1520(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"][4] to perform light work as defined in [20 C.F.R. § 404.1567(b)] except an opportunity to alternate between sitting and standing as needed; use of a cane to ambulate; no climbing ropes, ladders, or scaffolds; no more than occasional climbing stairs, kneeling, or crawling; no exposure to hazards; a clean-air, temperature-controlled environment; no direct dealing with the public; and no fast-paced work;[5]

---

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number. Additionally, Plaintiff's pertinent medical records have been adequately summarized in his Statement of Errors and the administrative decision, *see* doc. 10 at PageID 1232-46; PageID 46-55, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

[4] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain. 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. §§ 404.1545(b), (c), and (d).

[5] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.*

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565);

7. The claimant was born [in]…1973 and was 37 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date (20 C.F.R. § 404.1563);

8. The claimant has at least a high school equivalent (GED) and is able to communicate in English (20 C.F.R. § 404.1564);

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules [("the Grid")] as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a)); [and]

11. The claimant has not been under a disability, as defined by the Social Security Act, from April 8, 2004, through the date of this decision (20 C.F.R. § 404.1520(g)).

PageID 46-55 (citations omitted, brackets and footnotes added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ McNichols' non-disability finding the final administrative decision of the Commissioner. PageID 38. *See Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Plaintiff's Hearing Testimony

At the administrative hearing, Plaintiff testified that he was 43 years old, stood 6'3" tall, and weighed 433 pounds. PageID 68. He has a driver's license and drives approximately once per week. *Id.* Plaintiff stated that he received his high school GED and is able to read and write. PageID 70. He experiences pain secondary to degenerative disk disease in his back and knees. PageID 71. He has not undergone surgery for these impairments. PageID 72. Plaintiff testified that he stopped working in 2001, and has not attempted to work since. PageID 71.

Plaintiff reported his family physician advised he should attempt to lose weight if at all possible and also discussed undergoing gastric bypass surgery. PageID 74. Plaintiff stated he suffers from sleep apnea and uses an inhaler periodically throughout the day. PageID 75-76. He uses a cane for balance, but can walk for two blocks without a cane. PageID 84.

Regarding his physical capabilities, Plaintiff stated he is able to stand for ten minutes continuously; sit for twenty minutes at a time; and lift about twenty pounds. *Id.* He is able to climb steps. *Id.* Plaintiff is able to cook and wash dishes. PageID 85. He can feed, dress, and groom himself. PageID 88. He goes to the grocery store once per month. PageID 83. On a typical day, Plaintiff reported that he watches television and sits in a lounge chair. PageID 89. He does not typically leave home or visit friends or relatives. PageID 90.

### C. Vocational Expert Testimony

Brian Womer, a vocational expert ("VE"), also testified at the hearing. PageID 96-101. The ALJ proposed a series of hypotheticals regarding Plaintiff's RFC to the VE. PageID 97. Based on Plaintiff's age, education, work experience, and RFC, the VE testified that, although Plaintiff could no longer perform his past relevant work, he could perform, in the regional economy, 4,000 unskilled, light jobs, such as small parts assembler and mail clerk; and 1,500 sedentary jobs, such as sprayer assembler.[6] PageID 97-99.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

---

[6] The Court notes that this total number of jobs -- 5,500 -- constitutes substantial evidence of non-disability, and satisfies the ALJ's burden at Step 5. *Compare Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (finding that 4,800 jobs in the national economy is a "significant number"); *see also Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (finding that 1,350-1,800 jobs in the regional Dayton, Ohio economy is a "significant number").

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the Commissioner has a "'zone of choice' within which the Commissioner can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the claimant has the burden of proof. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains the RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274.

### III.

Having carefully reviewed the 1,200-plus page administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record; appropriately considered the medical evidence at issue (and applied the "good reasons" rule with respect to the medical evidence by Plaintiff's treaters); asked appropriate hypothetical questions

of the VE; and -- acting in reasonable reliance upon the VE's responsive testimony -- satisfied the shifting burden and reasonably found, at Step 5, that Plaintiff is not disabled. That analysis, without question, is supported by substantial evidence.  Plaintiff, believing to the contrary, argues that the ALJ erred by failing to give controlling weight to the medical opinion of his treating physician, Rajendra Aggarwal, M.D.; and also failed to properly consider his morbid obesity under Social Security Ruling ("SSR") 02-01p.[7]  Doc. 10 at PageID 1232.

The Court finds fault with Plaintiff's two suggested errors.  The opinions of treating physicians are typically entitled to controlling weight. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007).  Under the "treating physician rule," the ALJ is required to "generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).  Nevertheless, a treating physician's statement -- that a claimant is disabled -- is not determinative of the ultimate issue of disability. *Landsaw v. Sec'y of H.H.S.*, 803 F.2d 211, 213 (6th Cir. 1986).  A treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, not inconsistent with the other evidence of record, and supported by the factors listed in 20 C.F.R. § 404.1527(d)(2).  These factors include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2).

The ALJ properly analyzed Dr. Aggarwal's opinion under the treating physician rule.  He found "Dr. Aggarwal's assessment cannot be given controlling weight because he does not

---

[7] SSR 02-01p provides in relevant part: "[o]besity is a risk factor that increases an individual's chances of developing impairments in most body systems." SSR 02-01p, 2000 WL 628049 at *3.  However, SSR 02-01p "does not mandate a particular mode of analysis.  It only states that obesity, in combination with other impairments, "may" increase the severity of other limitations." *Bledsoe v. Barnhart*, 165 F. A'ppx 408, 411-12 (6th Cir. 2006). SSR 02-01p does not offer any particular procedural mode of analysis for obese claimants. *Id.*

provide detailed, objective findings consistent with such extreme limitation." PageID 52. In all five of his RFC assessments, Dr. Aggarwal did not offer detailed physical examination notes in support of his opinion regarding Plaintiff's disability status. PageID 475-76, 560-61, 769-70, 878-79. Additionally, he listed only conclusory diagnoses in support of his reported limitations. *Id.* The ALJ correctly found that Dr. Aggarwal is not an orthopedic specialist but, rather, a family doctor with no particular specialty in the areas of Plaintiff's impairments. PageID 52. Further, the ALJ noted the record did not indicate any need for surgery on Plaintiff's back. *Id.* The ALJ also reasonably found there was no evidence of neurological damage or objective evidence, consistent with Dr. Aggarwal's reports, to support Plaintiff's allegation of a serious pain condition. *Id.* As such, the ALJ properly applied the treating physician rule and offered good reasons for his refusal to credit Dr. Aggarwal's disability opinion. 20 C.F.R. § 404.1527(d)(2).

The Court also finds the ALJ appropriately considered, in his RFC finding and written decision, all of Plaintiff's functional limitations, whether arising from Plaintiff's obesity or otherwise. To that end, the ALJ reasonably and appropriately considered Plaintiff's impairments both singularly and in combination. For example, the ALJ noted that in an October 2008 consultative examination, it was determined that Plaintiff had "poor exercise tolerance secondary to obesity." PageID 49. As such, a "clean-air, temperature controlled environment was added to the [RFC]." PageID 50. Additionally, the ALJ noted that Plaintiff's "obesity has been considered in combination with [his] back condition" in establishing Plaintiff's RFC. PageID 53. SSR 02-01p advises that "obesity may be considered severe alone or in combination with another medically determinable impairment" and the ALJ is to assess the "impact of obesity on an individual's functioning." SSR 02-01p, 2000 WL 628049 at *3 (Sept. 12, 2002). The record demonstrates that the ALJ took the appropriate steps in evaluating Plaintiff's obesity, and

considered its effects in formulating his RFC determination. *See, e.g.*, PageID 51, 53. As such, the Court finds this second assignment of error unpersuasive.

### IV.

It is not the Court's role to sift through the facts and make a *de novo* determination regarding a claimant's alleged disability status. The ALJ, not the Court, is the finder of fact. *Siterlet*, 823 F.2d at 920. If substantial evidence supports the ALJ's resolution of the disputed facts, the Court must affirm the ALJ even if the Court might have resolved the disputed facts in Plaintiff's favor had it been the trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987). The Court finds the ALJ's non-disability finding was within the reasonable "zone of choice," which merits affirmance in this particular instance. *Buxton*, 246 F.3d at 773.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the Court's docket.

January 29, 2014                                              s/ Michael J. Newman
                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).