IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW SHILO,

                    Plaintiff,                Case No. 3:12-cv-301

vs.                                      Judge Thomas M. Rose

CAROLYN W. COLVIN,         Magistrate Judge Michael J. Newman
Acting Commissioner of Social Security,

                    Defendant.

---

**ENTRY AND ORDER OVERRULING SHILO'S OBJECTIONS (Doc. #15)
TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (Doc. #14) IN ITS ENTIRETY;
AFFIRMING THE COMMISSIONER'S DECISION THAT SHILO WAS
NOT DISABLED AND TERMINATING THIS CASE**

---

Matthew Shilo ("Shilo") brought this action pursuant to 42 U.S.C. § 405(g) for judicial

review of the decision of the Defendant Commissioner of Social Security (the "Commissioner")

that he is not disabled and, therefore, not entitled to Social Security disability benefits. On

January 29, 2014, United States Magistrate Judge Michael J. Newman entered a Report and

Recommendations (doc. #14) recommending that the Commissioner's decision that Shilo was

not disabled be affirmed. Shilo subsequently filed Objections (doc. #15) and the Commissioner

responded to Shilo's Objections (doc. #17). This matter is, therefore, ripe for decision.

Shilo sought financial assistance from the Social Security Administration by applying for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits in

December of 2007. Shilo claimed that he had been disabled since April 8, 2004, due to a number

of impairments including obesity.

The Commissioner denied Shilo's application initially and on reconsideration. Administrative Law Judge ("ALJ") Thomas R. McNichols ("McNichols") held a hearing following which he determined that Shilo was not disabled. The Appeals Council denied Shilo's request for review and ALJ McNichols' decision became the Commissioner's final decision. Shilo then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #14) and in Shilo's Objections (doc. #15) and the Commissioner's Response (doc. #17), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Shilo was not disabled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere

2

scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939). Thus, the Commissioner has a "zone of choice" within which he or she can act without the fear of interference from the court. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. WHEREFORE, Shilo's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge in its entirety. The Commissioner's decision that Shilo was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Eighth Day of February, 2014.

**s/Thomas M. Rose**

JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record